**BAO QUAN CHEN, Petitioner,**

**v.**

**U.S. DEPARTMENT OF JUSTICE,**

Alberto Gonzales,*
Respondents.

No. 04–1879–AG.

United States Court of Appeals,
Second Circuit.

March 30, 2006.

Khaghendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, N.Y., for Petitioner.

Evan C. Williams, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JANET BOND ARTERTON, District Judge.**

SUMMARY ORDER

Petitioner Bao Quan Chen, a native and citizen of the People's Republic of China, through counsel, petitions for review of the portions of the Board of Immigration Appeals ("BIA") decision denying his claims

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

** The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

for asylum and for relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA has summarily affirmed the decision of the immigration judge ("IJ"), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the BIA's factual findings, including credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this standard, "we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quotation marks and citation omitted). However, "[a]dverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). Additionally, we review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quotation marks omitted).

Chen's asylum, withholding of removal and CAT claims were dismissed by the IJ principally because the IJ found Chen's testimony to be incredible. In the alternative, the IJ found that "even taking the respondent's testimony as true, it is simply not sufficient to establish his claim. [Chen] may honestly believe he has been and will be persecuted, however, the subjective beliefs of the respondent standing alone are insufficient to establish that past persecution has occurred or that there exists a well-founded fear of persecution."

■ At oral argument, the government conceded that some aspects of the IJ's reasoning in reaching an adverse credibility finding were "problematic." We concur. We find it particularly troubling that Chen's testimony was deemed incredible in part because Chen testified that he did not recall making certain statements at his credible fear hearing that were inconsistent with his testimony before the IJ, given that there is no evidence in the record substantiating the government's claim before the IJ that Chen actually made those allegedly inconsistent statements. We also find that some of the IJ's stated reasons for finding Chen's testimony incredible were based on improperly speculative conclusions about the manner in which the Chinese authorities pursue persons suspected of engaging in illegal activities and their family members. Having concluded that the IJ erred in these respects, we must decide, considering the entire record, whether the IJ's adverse credibility finding must be vacated or whether "we can state with confidence that the same decision would be made on remand." *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). Here, these errors are sufficiently grave that we cannot be confident that the IJ would have reached the same conclusion if he had not so erred.

We could nonetheless affirm the IJ's decision if we agreed that Chen would have failed in any event to meet his burden to show that he has suffered past persecution or has a well-founded fear of future persecution, and therefore is a "refugee" within the meaning of the INA. *See* 8 U.S.C. §§ 1158(b), 1101(a)(42)(A). However, we are not persuaded that this is the case.

■ Chen does not argue on appeal that the IJ's conclusion that he did not suffer past persecution in China was erroneous. Rather, Chen argues that he is eligible for

asylum because his subjective fear of future persecution is well-founded, as evidenced by the supporting documentation in the record presented to the IJ. There can be no doubt that the background materials document serious abuses of Falun Gong practitioners by the Chinese government. *See, e.g.,* Advisory Opinion of the Executive Office for Immigration Review, March 15, 2000 ("On July 22, 1999, the Government officially declared Falun Gong illegal and began a nationwide crackdown against the movement. Around the country, tens of thousands of practitioners were rounded up and detained for several days, often in open stadiums with poor, overcrowded conditions with inadequate food, water and sanitary facilities. Practitioners who refused to denounce their beliefs were expelled from their schools or fired from their jobs.... There were credible reports of beatings and deaths of practitioners in detention who refused to recant their beliefs; according to Amnesty International, some adherents also were tortured by electric shocks and by having their hands and feet shackled and linked with crossed steel chains."). The evidentiary record before the IJ also included a letter from Chen's mother, dated October 28, 2001, relating that the government had visited Chen's parents' home "many times" in attempt to arrest him for practicing Falun Gong.

As noted above, the IJ accepted that Chen had testified credibly that he subjectively fears persecution in China. In light of this finding, we think—depending on which, if any, remaining portions of Chen's testimony are found credible on remand— that the evidence described in the preceding paragraph ultimately could satisfy Chen's burden to identify objective facts in the record demonstrating that there is a discernible possibility that he will face persecution because he practices Falun Gong. We therefore remand this case to the BIA (1) to reconsider whether Chen's testimony was credible, and if so, (2) to determine in light of that revised credibility finding and the documentary evidence (a) whether Chen has shown a well-founded fear of future persecution and (b) whether his CAT claim has merit.

Accordingly, for the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any pending motion for a stay of removal in this petition is GRANTED.